**UNITED AIR CLEANER CORPORATION
v. EVANS et al.**

Circuit Court of Appeals, Seventh Circuit.
December 22, 1927.

No. 3936.

Injunction �findextra122—Verification of bill held sufficient for injunction.

Verification of bill by complainant, "that the facts stated therein are true of his own knowledge, except as to those stated to be on information and belief, and he believes all facts so stated to be true," *held* sufficient for injunction.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Edwin R. Evans and Byron F. Everitt against the United Air Cleaner Corporation. Defendant appeals from an order granting preliminary injunction. Affirmed.

E. C. Tourje, of Chicago, Ill., for appellant.

Frank Parker Davis, of Chicago, Ill., for appellees.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Appellees, in the District Court for the Northern District of Illinois, obtained a decree on or about February 12, 1927, holding letters patent No. 1,-430,066, granted to Edwin R. Evans on September 22, 1922, for improvements in air cleaners, valid, and that claims 13, 15, and 20 had been infringed by defendant therein, United Manufacturing & Distributing Company, a corporation, and appeal therefrom to this court has been affirmed at this term.

By leave of court, appellees, on March 10, 1927, filed their original bill in the nature of a supplemental bill against one Edward M. Adams and appellant, the United Air Cleaner Corporation, the only defendant served, setting out the proceedings in the infringement case, the holding by the court that claims 13, 15, and 20 were valid and infringed, the granting of the injunction, and the order for an accounting. The bill further shows that under proceedings in the state court the affairs of the original defendant were wound up, its assets sold, and that its stock and equipment, through a somewhat devious course, found their way into the ownership and control of said Edward M. Adams and appellant, who continued the infringement charged in the original suit; that Adams and one of his concerns (which ultimately became appellant) assumed, and paid for, the entire control and defense of the original bill. The bill prayed the benefit of the original bill as though set forth in full therein, and of the proceedings had thereunder, particularly of the decree. Then followed the usual prayer for injunction against infringement of the patent, and for an accounting.

Affidavits in opposition to the injunction were filed, the main one by Adams. The substance of his affidavit is that the cleaner made by appellant was the so-called Louvre type, which did not infringe; that appellant never manufactured under license from the original defendant; that appellant did not contribute to the defense of the original suit; that he (Adams) contributed nothing, and has not been individually active in promoting the manufacture and sale of the infringing device. Many of the statements so made were contradicted by counteraffidavit. The District Court, that had just concluded the trial of the original suit, granted a preliminary injunction.

Appellant's contentions are that it cannot be brought in by a supplemental bill, that the bill fails to state a cause of action, that the trial court abused its discretion in granting the preliminary injunction, and that the bill is not properly verified.

On its proposition that it could not lawfully be brought into court, as it was in this case, appellant relies upon Merriam v. Saalfield, 241 U. S. 22, 36 S. Ct. 477, 60 L. Ed. 868. The main question in that case was whether one, not a defendant, but who was estopped by the decree because he had exercised control over the suit, and who was not a resident of the district, could be brought into the action under a supplemental bill by notice or substituted service, to which the court made a negative answer. No such question is in this case. The bill has two aspects; one charging control of the original suit, and the other charging infringement by appellant continuing at the time of filing the bill. The former aspect is supplemental, and the latter original. They are not inconsistent, and may be joined, even though they are separate and distinct causes. Equity rule 26.

The failure to state that appellant's participation in the original suit was open and avowed is unimportant, in view of the double aspect of the bill.

Appellant's contention that the verification is insufficient is not well taken. The verification by one of plaintiffs, referring to the bill, says: "That the facts stated therein are true of his own knowledge, except as to

those stated to be on information and belief, and he believes all facts so stated to be true." Reliance is placed on Hovnanian v. Bedessern, 63 Ill. App. 353. The injunction in this case was not granted without notice, but upon affidavits from both sides, after personal service, before a court which was familiar with many of the facts. No objection was made to the verification in the District Court, and no error is assigned thereon.

We are satisfied that there was no abuse of discretion in granting the preliminary injunction, and that the order of the District Court should be, and it is, affirmed.