**In re REALTY ASSOCIATES SECURITIES CORPORATION.**

**REALTY ASSOCIATES SECURITIES CORPORATION v. WOHL et al.**

No. 24860.

District Court, E. D. New York.

July 11, 1941.

Fred L. Gross, of Brooklyn, N. Y., for petitioner.

Benjamin Jaffe, of New York City, for respondents.

ABRUZZO, District Judge.

This is a motion by order to show cause for an order to punish Martin Wohl and Harry Wohl, and each of them, for contempt of court and committing the said Martin Wohl and Harry Wohl to imprisonment and/or fining them in the amount of at least $30,000, to be paid to the clerk of this court, for wilfully disobeying and failing to comply with the order of this court made and dated January 26, 1939.

On July 10, 1933, the petitioner, Realty Associates Securities Corporation, was duly adjudicated a bankrupt. On January 26, 1939, an order was made by this court directing and ordering the respondents, Martin Wohl and Harry Wohl, to file an account with the clerk of this court within thirty days after entry of the said order, of all rent collections and disbursements made by them as agents of the petitioner herein from July 10, 1933, to August 25, 1933. The order further directed Martin Wohl and Harry Wohl to pay to the clerk of this court the sum of $10,939.75, which was found to be in their possession or under their control as agents of and belonging to the said petitioner.

The affidavits submitted indicate that the further accounting required by the order of January 26, 1939, for the period of time from July 10, 1933, to August 25, 1933, would show that Martin Wohl and Harry Wohl had in their possession approximately $30,000 which belonged to the petitioner. This amount is based upon the collections and disbursements for that period which these respondents had made during that time. The basis for this conclusion is undoubtedly derived from the

knowledge which the petitioner had of the collections made by these individuals.

The order was appealed and affirmed in the United States Circuit Court of Appeals, Second Circuit, 98 F.2d 722. A writ of certiorari to the United States Supreme Court was denied, 305 U.S. 656, 59 S.Ct. 252, 83 L.Ed. 425. The terms of the order, dated January 26, 1939, have not been complied with in any way.

Benjamin Jaffe, an attorney, appeared in this proceeding as the attorney for Martin and Harry Wohl; and service of the proper orders were made upon the said attorney. Rule 16 of the Rules of the United States District Court for the Eastern District of New York. It appears that after the entry of the order herein, Martin Wohl and Harry Wohl left the jurisdiction of this court and became residents of the Town of Hollywood, State of Florida, where they now reside. An ancillary proceeding was instituted in the United States District Court, Southern District of Florida, but it was dismissed.

■ The record indicates, therefore, that Benjamin Jaffe was the attorney of record for these two respondents at the time the order to show cause and the petition to punish them for contempt was served upon him. The decisions hold that this is sufficient service.

It has been impossible to execute a warrant and order of arrest of the said Martin and Harry Wohl as these respondents are beyond the jurisdiction of this court.

No trustee was ever appointed in the above-entitled bankruptcy proceeding. Two receivers were appointed, one of whom resigned and the other of whom was discharged by order of this court after the composition of creditors had been confirmed on April 6, 1934. The order confirming the composition agreement expressly reserved jurisdiction in this court to enforce any order of this court or the referee.

Before the composition had been confirmed, turnover proceedings before the referee resulted in a turnover order, dated December 11, 1933, directing the said Martin Wohl and Harry Wohl to turn over to the receiver certain moneys and to account to him for certain additional moneys.

Upon the failure to comply with the order of the referee, they were cited as being in contempt in refusing to comply with the order of the referee. This all occurred prior to the confirming of the composition.

■ No order has ever been entered dismissing or closing the said bankruptcy proceeding. It is, therefore, evident that this bankruptcy proceeding is still open and the court has jurisdiction. See In re Rubin's Department Store, Inc., 7 Cir., 75 F. 2d 731; and Murphy, Gorman & Waterhouse v. Manufacturers' National Bank, 1 Cir., 30 F.2d 389.

These two respondents are in wilful contempt of this court.

Upon the return date of this motion, Benjamin Jaffe appeared and filed an affidavit to the effect that he no longer represented the respondents on the present application and had no authority to do so. He stated that he became the attorney for the Wohls during the appeal in the United States Circuit Court of Appeals, Second Circuit. Emanuel Harris, an attorney, as counsel, made the application to the United States Circuit Court of Appeals for a rehearing, and an application to the United States Supreme Court for a writ of certiorari. It is claimed by Benjamin Jaffe that Harris was the last attorney who represented the respondents herein.

Mr. Jaffe admits that a copy of this order to show cause and the petition in the instant application was served upon him. He returned the papers to the moving attorneys, claiming that he had no authority to represent Martin and Harry Wohl.

On November 23, 1937, an order was made substituting Benjamin Jaffe in the place and stead of Peter A. McCabe as attorney for Martin and Harry Wohl. Later, Mr. Jaffe subscribed the brief on appeal to the Circuit Court of Appeals. The petition for rehearing was accompanied by a certificate of counsel made by Benjamin Jaffe, in which he stated that he appeared for Martin and Harry Wohl, and that he represented them in their appeal in the United States Court of Appeals.

The cover in connection with such petition for rehearing bears the endorsement "Benjamin Jaffe, attorney for appellants, Emanuel Harris, *of counsel.*" (Italicizing the court's). Thereafter, Mr. Jaffe requested a notice of settlement of the order to be entered on the mandate of the United States Circuit Court of Appeals.

On January 24, 1939, which was after the writ of certiorari was denied, Mr. Jaffe filed a memorandum in opposition to

the proposed order on mandate, which was subscribed "Benjamin Jaffe, attorney for Martin Wohl and Harry Wohl, Appellants".

On January 26, 1939, an order was signed on the mandate of the United States Circuit Court of Appeals, making such mandate the order and judgment of this court. A copy of this order was served on Benjamin Jaffe, as attorney of record, on January 27, 1939, which bears the following admission of service, signed by Benjamin Jaffe:

"Service of a copy of the order on mandate, dated January 26, 1939, in the above entitled matter, with Notice of Entry thereof, is hereby admitted.

"Dated: January 27, 1939.

"Benjamin Jaffe
"Attorney for Harry Wohl
and Martin Wohl"

As hereinbefore stated, Mr. Jaffe was the attorney of record for these respondents and was still such attorney when the order in the present application was served upon him. The court file in the clerk's office indicates Jaffe is still the attorney of record. The decisions which follow indicate that this was appropriate notice to the respondents.

Leman v. Krentler-Arnold Co., 284 U.S. 448, at pages 454 and 455, 52 S.Ct. 238, at page 240, 76 L.Ed. 389, states:

"As the proceeding for civil contempt for violation of the injunction should be treated as a part of the main cause, it follows that service of process for the purpose of bringing the respondent within the jurisdiction of the District Court of Massachusetts was not necessary. The respondent was already subject to the jurisdiction of the court for the purposes of all proceedings that were part of the equity suit and could not escape it, so as successfully to defy the injunction, by absenting itself from the district. In Milwaukee & Minnesota R. Co. v. [Milwaukee &] St. Paul [R.] Co., 2 Wall. 609, 633, 17 L.Ed. 886, this court said that it had decided 'many times' that when a bill is filed in the federal court to enjoin a judgment of that court, it was 'not to be considered as an original bill, but as a continuation of the proceeding at law; so much so, that the court will proceed in the injunction suit without actual service of subpoena on the defendant, and though he be a citizen of another State, if he were a party to the judgment at law.' See Dunn v. Clarke, 8

Pet. 1, 3, 8 L.Ed. 845; Krippendorf v. Hyde, 110 U.S. 276, 285, 4 S.Ct. 27, 28 L. Ed. 145; Carey v. Houston & Texas Ry. Co., 161 U.S. 115, 128, 16 S.Ct. 537, 40 L. Ed. 638; Merriam [Co.] v. Saalfield, 241 U.S. 22, 30, 31, 36 S.Ct. 477, 60 L.Ed. 868. For similar reasons, after a final decree a party cannot defeat the jurisdiction of the appellate tribunal by removing from the jurisdiction, as the proceedings on appeal are part of the cause. Nations v. Johnson, 24 How. 195, 203, 204, 16 L.Ed. 628. As this Court said in Michigan Trust Co. v. Ferry, 228 U.S. 346, 353, 33 S.Ct. 550, 552, 57 L.Ed. 867, where there is 'service at the beginning of a cause, or if the party submits to the jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power, and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not. This is one of the decencies of civilization that no one would dispute.' And so, with respect to the application of Article 4, section 1, of the Constitution, 'if a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of a state to bind him by every subsequent order in the cause.' Id. * * *

"In this view, nothing more was required in the present case than appropriate notice of the contempt proceeding, and that notice the respondent received. We do not need to consider the effect of the service of the order to show cause with supporting affidavits upon the attorney who still appeared of record as the attorney for the respondent in the equity suit, but whose authority was alleged to have been terminated, or any question of the sufficiency of constructive notice, as the respondent had actual notice. While the respondent appeared specially for the purpose of objecting to the jurisdiction of the court, this objection was not upon the ground that the respondent did not have notice, which manifestly it did have, but that it had not been brought into the proceeding by service of process in that proceeding, which in view of its relation to the cause was unnecessary. Its objection on that ground being overruled, the respondent contested its liability."

Republic Electric Co., Inc., et al. v. General Electric Co., 3 Cir., 30 F.2d 99, holds that service on counsel was sufficient in a contempt proceeding.

Benjamin's Jaffe's affidavit stated that he attempted to reach Martin and Harry Wohl to ascertain whether or not he had the authority to represent them in the instant application.

On June 9, 1941, the following letter was mailed to this court:

"Law Offices
"Vincent C. Giblin
"Ingraham Building
"Miami, Florida
"June 9, 1941
"Honorable Matthew T. Abruzzo
"United States District Judge
"Federal Court Building
"Brooklyn, New York
"In re: Realty Associates Securities Corporation (contempt proceedings against Harry Wohl and Martin Wohl)
"Dear Judge Abruzzo:
"At Judge Giblin's direction I herewith enclose a copy of a letter addressed to Benjamin Jaffe, Esquire, under date of June 8, 1941, regarding the above styled matter.
"Very truly yours
"Marguerite Gillespie
"Secretary"

Attached thereto was a twelve page letter with the notation that it was being mailed to the following persons:

"Copies to:
Honorable Alexander Akerman, United States District Judge, Orlando, Florida.
Honorable Curtis L. Waller, United States District Judge, Jacksonville, Florida.
Honorable John W. Holland, United States District Judge, Miami, Florida.
Honorable Marcus B. Campbell, United States District Judge, Federal Court Building, Brooklyn, New York.
Honorable C. G. Galston, United States District Judge, Federal Court Building, Brooklyn, New York.
Honorable Matthew T. Abruzzo, United States District Judge, Federal Court Building, Brooklyn, New York.
Honorable Fred L. Gross, Attorney at Law, 16 Court Street, Brooklyn, New York."

It is immaterial to this motion to refer to the lengthy contents of the twelve page letter to Mr. Jaffe from Judge Giblin, of Miami, Florida, as no appearance was made upon this motion contesting the merits.

The letter of June 8, 1941, by Judge Giblin to Mr. Jaffe was mailed to him after the service of the order to show cause and the petition to punish the respondents for contempt. The communication was undoubtedly written to Benjamin Jaffe in answer to his notification to Martin and Harry Wohl that this application to punish them for contempt was pending in this court.

This is in fact actual notice to Martin and Harry Wohl that this proceeding was pending and is exactly in point with the Leman case, supra, which said: "In this view, nothing more was required in the present case than appropriate notice of the contempt proceeding, and that notice the respondent received."

The court finds service of the order to show cause and the petition was properly made on Benjamin Jaffe, the attorney of record for these respondents, in accordance with Rule 16 of the Rules of the United States District Court for the Eastern District of New York. That Benjamin Jaffe is the attorney of record cannot be disputed as the records of this court indicate that he is still the attorney for these respondents. There is nothing in the file to show anything to the contrary. The court has acquired jurisdiction of these respondents for the relief demanded by the petition.

Upon the merits, the respondents have not deposited with the clerk of this court the amount of $10,939.75 as directed by the order of this court, dated January 26, 1939. There is interest due on this sum from August 4, 1933.

The respondents have not filed an account of receipts and disbursements made by them between July 10, 1933, and August 25, 1933, as required by the order of January 26, 1939. They, therefore, are in contempt of court for not depositing the sum of $10,939.75 with interest, and for not filing the account as aforesaid.

The affidavits filed in support of this application indicate that the account directed to be filed by the respondents would show that they collected free of disbursements the amount of approximately $30,000. The

810

facts submitted in support of this conclusion are rather vague. In order that the court may make a proper finding as to the amount in the possession of these respondents, which belongs to the petitioner, by virtue of the collections made by Martin and Harry Wohl from July 10, 1933, to August 25, 1933, the court directs the petitioner to file with this court, to the best of their ability, an account showing the collections it has knowledge of which were made by the respondents from July 10, 1933, to August 25, 1933.

Pending the filing of this account which will determine the amount which these two respondents will be fined, an appropriate order should be submitted in accordance with this direction. Petitioners may have two weeks' time in which to file the account required.

*Settle order on notice.*