**METALOCK REPAIR SERVICE, INC., and Lois R. Morrison**

v.

**Hal W. HARMAN.**

**No. 14243.**

United States Court of Appeals
Sixth Circuit.

March 30, 1961.

Carl Bagwell, Oklahoma City, Okl., for appellants.

Warren H. F. Schmieding, Columbus, Ohio (Schmieding & Fultz, Columbus, Ohio, on the brief), for appellee.

Before MILLER, Chief Judge, and CECIL and WEICK, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying the motion of the appellants Metalock and Morrison to dissolve a preliminary injunction. The facts in the case and the history of the litigation between the parties are set forth in our previous opinion reported in 258 F.2d 809. In that opinion, we vacated the order appealed from and remanded the cause to the District Court to state its findings of fact and conclusions of law. The District Court complied and re-entered the order denying appellants' motion to dissolve the preliminary injunction which resulted in the present appeal.

The sole question is whether the District Court had jurisdiction over the appellants Morrison and Metalock to enter the preliminary injunction against them. They were not parties to the original action for infringement of the patent in which Lawrence Boston Scott was the only defendant. Morrison and Metalock were both residents of New York and were added as parties defendant by order of the District Judge sometime after he had entered an interlocutory order against Scott finding that the patent in suit was valid, referring the cause to a master for an accounting and granting a permanent injunction. Substituted service of process was obtained on John J. Mahoney, an attorney for Morrison and Metalock in Columbus, Ohio by order of the District Court. Morrison and Metalock appeared specially and moved to quash service of process on them or in the alternative to dismiss the supplemental complaint filed against them. They further moved the Court to dissolve the preliminary injunction which the Court had granted against them. These motions were denied by the District Court.

Appellee based jurisdiction of the District Court over the non-resident defendants Morrison and Metalock on the claim that Scott and Morrison had been partners in the business until the assets were transferred to the corporation; that the transfer of assets to the New York corporation was for the purpose of defrauding appellee and preventing the District Court from enforcing a judgment in the patent infringement action; that some assets had been transferred to Morrison without consideration; that Morrison and Scott left the jurisdiction of the court and moved to New York in order to evade process; that Metalock had the patented article made in the district and shipped to it in New York and to its customers in other places; that Morrison and Metalock were interested in the patent infringement action and undertook to and did defend Scott in said action and paid the cost, expense and attorneys fees incident thereto; that this conduct entered their appearance in the patent infringement action and subjected them to the jurisdiction of the District Court. Appellee relies on our decision in Ocean Accident & Guaranty Corp. Ltd. v. Felgemaker, 6 Cir., 1944, 143 F.2d 950 which was not an action for patent infringement.

The venue statute applicable to this case provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400 (b).

The affidavits of Morrison and John J. Mahoney filed in the District Court were to the effect that Morrison and Metalock were citizens and residents of New York; that they never had any regular and established place of business in the district or committed any acts of infringement therein or had any agent in the district upon whom service of process could be made; that they owned no property in the district; that Conrad (the man alleged to have made the infringing article for Metalock in the district) was never an employee or agent of Metalock and never had a contract with it; that whatever acts Conrad committed were in his own behalf; that Mahoney was not an agent of Morrison or Metalock and was not authorized to receive service of process.

There was no evidence in the record to establish that at the time Morrison and Metalock were added as parties defendant they resided or had a regular and established place of business in the district or had an agent upon whom process could be served or had property in the district. The District Court made no findings to that effect and the uncontroverted evidence was all to the contrary. While appellee claims that the infringing articles were made in the district, no such finding was made by the District Judge. In the brief of appellee is contained the statement "There has been no ruling to the effect that the corporation [Metalock] did not commit acts of infringement in Columbus, Ohio." The fact that no ruling had been made does not help appellee for jurisdiction must affirmatively appear upon the face of the record.

██ Assuming that assets of Scott had been wrongfully transferred to the non-resident defendants Morrison and Metalock, this would not enter their appearance in the action or confer jurisdiction on the District Court to set aside the transfers. The transfers could be set aside only in a court which had jurisdiction over them, in personam or over their property. The District Court had neither.

Appellee must, therefore, rely on the interest of Morrison and Metalock in the subject of the patent litigation and on their participation in the defense of Scott, to constitute a waiver of the venue requirements of Section 1400(b) of Title 28 U.S.C.

██ This type of conduct was held not to constitute a waiver of venue in the recent decision of the Supreme Court

in Schnell v. Eckrich & Sons, Inc., 81 S. Ct. 557. Schnell followed an earlier decision of the Court in Merriam Co. v. Saalfield, 1916, 241 U.S. 22, 36 S.Ct. 477, 60 L.Ed. 868. While openly controlling the defense of a case in which a person has an interest would preclude such person from later relitigating the same issues, it does not constitute a waiver of the venue statute. The rule in Ocean does not apply in an action for patent infringement where venue is controlled exclusively by Section 1400(b). See also: Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786.

The order of the District Court denying appellants' motion to dissolve the preliminary injunction is reversed and the cause remanded with instructions to grant said motion to dissolve and to dismiss the supplemental complaint as to them for lack of jurisdiction.