In re PHOTO PROMOTION
ASSOCIATES, INC., Debtor.

NANUET NATIONAL BANK, Plaintiff,

v.

PHOTO PROMOTION ASSOCIATES,
INC., Jeffrey Sapir, Interim Trustee,
and First Transcapital Corp., Defendants.

Bankruptcy No. 84 B 20417.
Adv. No. 85–0045.

United States Bankruptcy Court,
S.D. New York.

Sept. 18, 1989.

Salomon Green & Ostrow, P.C., New York City, for First Transcapital Corp.

Siegel, Sommers & Schwartz, Hicksville, N.Y., for Jeffrey Sapir, interim trustee.

## DECISION ON MOTION FOR ORDER VACATING ORDER DISMISSING COUNTERCLAIMS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

First Transcapital Corporation ("FTC"), a corporation which advanced post-petition funds to the above captioned debtor before the debtor was converted from Chapter 11 to Chapter 7 of the Bankruptcy Code, seeks to vacate the court's dismissal of its cross-claims against the Chapter 7 trustee in bankruptcy. FTC had not appeared at the trial of an adversary proceeding in May of 1986, which was commenced by Nanuet National Bank ("Nanuet"), a prepetition lender. FTC had filed several cross-claims in that adversary action, but did not appear at the trial in the belief that the adversary action would be bifurcated and that FTC's cross-claims would be determined at a later date. On June 17, 1986, this court rendered a decision dismissing Nanuet's complaint and ruled that Nanuet held a general unsecured claim in the amount of $208,-333.38. The decision is reported in 61 B.R. 936 (Bankr.S.D.N.Y.1986). The order which was settled by the trustee, dated

July 7, 1986, made no mention of any default by FTC or any determination of FTC's cross-claims.

By notice of motion dated October 19, 1987, FTC moved for summary judgment on its cross-claims on the ground that there were no material issues of fact with regard to the validity of FTC's secured claim and its entitlement to the collateral securing the claim. The trustee in bankruptcy cross-moved for summary judgment based on FTC's failure to appear at the trial of Nanuet's claims in June of 1986. By memorandum decision dated November 9, 1987, this court denied both motions for summary judgment, finding issues of fact as to whether FTC's failure to appear at the June 1986 trial was justifiable or excusable; whether FTC had agreed to first exhaust its remedies against the debtor's principal who pledged collateral to secure the debtor's obligation to FTC and whether the trustee had in his possession any of FTC's collateral.

FTC then proceeded to complete its foreclosure actions against the debtor's principal and guarantor. Thereafter, FTC sought discovery from the trustee with regard to FTC's cross-claims which had not been tried in the adversary proceeding commenced by Nanuet against the debtor's Chapter 7 trustee in bankruptcy. By order to show cause dated July 13, 1989, the Chapter 7 trustee moved for a protective order barring the discovery sought by FTC because the dismissal of Nanuet's complaint foreclosed a consideration of FTC's cross-claims. The trustee also moved for the dismissal of FTC's cross-claims because FTC did not attend the trial of the adversary proceeding in which the cross-claims had been asserted.

By order dated August 2, 1989, this court granted the trustee's protective order and dismissed FTC's cross-claims in the belief that the court's order dated July 7, 1986, which determined Nanuet's claims against the trustee also determined all claims that were raised, or could have been raised, in that adversary proceeding between the named parties.

## DISCUSSION

There is no question that the order dated July 7, 1986, which the Chapter 7 trustee submitted to the court, and which was signed by the court, makes no mention of FTC's cross-claims and does not refer to the fact that FTC failed to appear at the trial of the adversary proceeding commenced by Nanuet against the Chapter 7 trustee. Manifestly, the July 7, 1986 order does not purport to resolve any of the issues raised by FTC's cross-claims nor does it reflect that FTC defaulted in pursuing the cross-claims which it served and filed with this court. Indeed, FTC is not mentioned in the July 7, 1986 order. The decretal paragraphs read as follows:

ORDERED that the plaintiff's complaint is disposed of to the extent that the plaintiff's security agreement does not extend to the proceeds received by the trustee in bankruptcy from the sale of finished family portraits which were not in existence at the commencement of this case and which proceedings were collected by the Trustee as a result of the activities of the trustee, and it is further

ORDERED that the filing cabinets which the trustee delivered to the film processor shall be returned by the trustee to the plaintiff.

█ F.R.C.P. 54(b), which is made applicable to adversary proceedings by Bankruptcy Rule 7054, is designed to avoid piecemeal disposal of multiple claims by multiple parties and permits a court to enter a final judgment or order as to fewer than all claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment or order. Absent such a determination, an order that adjudicates fewer than all claims or rights and liabilities of fewer than all parties in the action, is not a final order. *National Bank of Washington v. Dolgov,* 853 F.2d 57 (2d Cir.1988). F.R.C.P. 54(b) provides as follows:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in

an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ If the order is not a final order, it cannot have *res judicata* significance with respect to all claims which could have been, but were not, raised by the parties to the action. *G.C. Merriam Co. v. Saalfield,* 241 U.S. 22, 28, 36 S.Ct. 477, 480, 60 L.Ed. 868 (1916). The doctrine of *res judicata,* or claim preclusion, is distinguishable from the principle of collateral estoppel in that *res judicata* forecloses all that which might have been litigated previously by the parties, whereas collateral estoppel treats as final only those issues actually and necessarily decided in a prior litigation. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).

■ In the instant case, the July 7, 1986 order which denied Nanuet's secured claim with respect to the proceedings from the trustee's sale of the family portraits which were produced post-petition, was not a final order as to FTC's unresolved and unlitigated cross-claims. Therefore, the July 7, 1986 order cannot be viewed as having any preclusive effect as to FTC's cross-claims which remained undetermined. FTC is entitled to an order vacating the dismissal of its cross-claims, as directed in the order dated August 2, 1989, because FTC's cross-claims were not resolved, nor is there any docket entry reflecting that FTC defaulted in pursuing such cross-claims.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (B).

2. This court's dismissal of FTC's cross-claims, as reflected in the order dated August 2, 1989, is hereby vacated. The trustee's motion seeking a dismissal of such cross-claims is denied.

IT IS SO ORDERED.