Anna GRUPKE and Jerry Roberts, d/b/a Hep Cat, Plaintiffs,

v.

LINDA LORI SPORTSWEAR, INC., Agents Card and Gift Co., Inc., Craig Weiss, and Janet Bruschetti, Defendants.

No. 94 CV 0782.

United States District Court, E.D. New York.

March 17, 1997.

---

**16**

Nilles & Nilles, S.C., Milwaukee, WI (Andrew J. Nilles and John P. Fredrickson, of counsel), for plaintiffs.

Coleman & Seife, White Plains, NY (Alan Seife, of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs Anna Grupke and Jerry Roberts, Tennessee residents doing business as, and joint owners of, Hep Cat, a business that designs and sells by mail order apparel decorated with cat designs, brought this action against defendants Linda Lori Sportswear, Inc. ("Linda Lori"), Agents Card & Gift Co., Inc. ("Agents"), Craig Weiss, and Janet Bruschetti, alleging violations of the Copyright Act, 17 U.S.C. § 101, *et seq*, and § 43(a) of the Lanham Act, 15 U.S.C. 1125(a), and the common law of unfair competition.

Plaintiffs originally brought this action on February 18, 1993 against Linda Lori and the Miles Kimball Company ("Miles Kimball") in the United States District Court for the Eastern District of Wisconsin. That court severed the claims against Linda Lori and transferred them to this district under 28 U.S.C. § 1404(a). The case against Miles Kimball has been stayed. On September 15, 1994, plaintiff filed, without opposition, an amended complaint adding Agents, Weiss, and Bruschetti as defendants.

The facts of this case are described at length in the court's previous orders, familiarity with which is assumed. In short, the complaint alleges that plaintiffs owned a copyright for their "Cats Coming and Going" tee-shirt design and that defendants infringed such copyright first by selling tee-shirts depicting a duplicate of plaintiffs' design, and then by creating and marketing a similar tee-shirt design called "Heads and Tails." Plaintiffs also say that defendants used a "direct reproduction" of plaintiffs' copyrighted design to solicit orders for their Heads and Tails shirt.

By Memorandum and Order dated April 8, 1996, the court granted in part defendants' motion for summary judgment and dismissed plaintiffs' claims under New York law of unfair competition and all but one of their claims under the Lanham Act. By Memorandum and Order dated September 3, 1996, the court reinstated plaintiffs' claim of passing

off under the New York law of unfair competition.

Linda Lori and Agents assert a counterclaim of common law unfair competition and tortious interference with business relations. Plaintiffs now move to dismiss the counterclaim for lack of personal jurisdiction and improper venue.

## I.

Defendants' counterclaim alleges, in substance, the following. In September 1992, and at times thereafter, plaintiffs contacted some of Linda Lori's customers. Plaintiffs made false and malicious statements to these customers saying that Hep Cat had a copyright on all front and back cat shirts, that Linda Lori had stolen Hep Cat's idea, that Linda Lori's shirts were inferior, and that Hep Cat and Linda Lori were already litigating the matter. Hep Cat offered to supply Linda Lori's customers with its Cats Coming and Going shirts and threatened to sue them if they continued to sell the Heads and Tails shirts.

Plaintiffs' false and malicious statements to Linda Lori's customers were allegedly intended wrongfully to appropriate the benefits of Linda Lori's established business relations. As a result, some of those customers, including Miles Kimball and Hanover House, ceased or substantially reduced their business with Linda Lori.

## II.

In the vast majority of cases a plaintiff, by virtue of bringing suit, waives venue and personal jurisdiction objections to a defendant's counterclaims. *See Adam v. Saenger,* 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649 (1938); *Leman v. Krentler–Arnold Hinge Last.,* 284 U.S. 448, 451, 52 S.Ct. 238, 239–40, 76 L.Ed. 389 (1932). By choosing a particular forum, plaintiff is considered to have voluntarily submitted to the court's jurisdiction "for all purposes for which justice to the defendant requires his presence." *Adam,* 303 U.S. at 67–68, 58 S.Ct. at 458. *See also* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil 2d § 1416, at 123.

Plaintiffs say this case is different because they did not choose the forum. Plaintiffs commenced this suit in the District Court of the Eastern District of Wisconsin, which, upon defendants' motion and over plaintiffs' objections, transferred the case to this district. Plaintiffs say that they are in this court involuntarily and thus have not waived personal jurisdiction and venue objections to defendants' counterclaim.

## A.

█ The court should first determine whether the counterclaim asserted is compulsory or permissive.

A counterclaim is compulsory if it "arises out of the transaction and occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R.Civ.P. 13(a).

To determine when two claims arise from the same "transaction and occurrence," the court considers whether the "essential facts of the various claims are so logically connected that consideration of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir.1979) (quoting *Harris v. Steinem,* 571 F.2d 119, 123 (2d Cir.1978)). Such determination does not require "an absolute identity of factual backgrounds ... but only a logical relationship between them." *Id.* (quoting *United Artists Corp. v. Masterpiece Productions, Inc.,* 221 F.2d 213, 216 (2d Cir.1955)).

Defendants' counterclaim logically relates to the complaint. The counterclaim alleges, among other things, that plaintiffs made false and malicious statements to defendants' customers, informing them that Linda Lori had infringed plaintiffs' copyright. Plaintiffs admit that they contacted two of defendants' customers, Miles Kimball and Hanover House, and informed them of the alleged infringement.

At issue in the counterclaim will be the truth of plaintiffs' statements—whether defendants in fact willfully infringed plaintiffs' copyright. Because this is the same factual

question posed by plaintiffs' complaint, the court considers defendants' counterclaim compulsory.

## B.

Plaintiffs say that because the underlying events of the counterclaim—plaintiffs' phone calls to Miles Kimball and Hanover House—took place outside of New York, venue in this district is improper.

But section 1391 of Title 28 only governs the venue where suits may be "brought." 28 U.S.C. § 1391. Courts have construed this language literally holding that the statutory venue requirements apply only to a "civil suit commenced by original process" and not to subsequently asserted claims or counterclaims. *Lesnik v. Public Industrials Corp.,* 144 F.2d 968, 977 (2d Cir.1944). *See* also Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure Civil 2d § 1416, at 123. Because the transferring court has already deemed this district appropriate, defendants are free to assert their counterclaim even though venue might have been improper if it had been brought as an independent action.

## C.

Plaintiffs say the court lacks personal jurisdiction over them to decide the counterclaim.

The requirement of personal jurisdiction flows from the Due Process Clause of the United States Constitution. It protects an individual's liberty interest in not being haled into a court of a state with which the individual has had little or no contact, *see Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982), and ensures that maintenance of the action does "not offend traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)).

Because personal jurisdiction is an individual right, it may be waived or obviated by consent. Such consent or waiver need not be voluntary or explicit; it can be implied from a party's conduct. *See Ins. Corp. of Ireland, Ltd.,* 456 U.S. at 704–05, 102 S.Ct. at 2105 ("The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not").

A party consents to the court's jurisdiction where "it actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." *In re Texas Eastern Transmission Corp.,* 15 F.3d 1230, 1236 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 291, 130 L.Ed.2d 206 (1994). Indeed, appearing and seeking affirmative relief from the court "is the paradigm of a waiver to the court's in personam jurisdiction." *See Andros Compania Maritima, S.A. v. Intertanker Ltd.,* 718 F.Supp. 1215, 1217 (S.D.N.Y.1989).

This is particularly true with respect to the court's personal jurisdiction to adjudicate compulsory counterclaims. Failure to assert a compulsory counterclaim precludes that claim from being brought in a later independent action. *See Harris v. Steinem,* 571 F.2d 119, 122 (2d Cir.1978). Thus, if plaintiffs could successfully assert lack of personal jurisdiction as a defense to the counterclaim, defendants, while still required to defend in the original action, would have to forfeit their claims arising from the same transaction.

The law governing civil procedure has traditionally avoided such inequity. Prior to the adoption of the Federal Rules of Civil Procedure, an action ancillary to the original did not require an independent ground for personal jurisdiction, and service of process upon the party's attorney was considered sufficient notice of the action. *See, e.g., Manning v. Berdan,* 132 F. 382 (C.C.N.J. 1904). Only if the action was considered an "original bill," one that involved new and different interests, did personal jurisdiction have to be established and service effected upon the parties themselves. *G & C Merriam Co. v. Arthur J. Saalfield,* 241 U.S. 22, 36 S.Ct. 477, 60 L.Ed. 868 (1916).

Certainly, had plaintiffs dismissed the action subsequent to its transfer, the court would not have personal jurisdiction to adjudicate the counterclaim independently. *Cf.*

*Star Brite Distributing, Inc. v. Gavin,* 746 F.Supp. 633 (N.D.Miss.1990) (plaintiff could not object to personal jurisdiction for the purposes of the counterclaim since it had not objected to the change of forum and had not dismissed its complaint rather than try its claims in that court); *Baranof Fisheries Ltd. Partnership v. Elsey,* 1996 WL 467323 (D.Or. 1996) (court refused to exercise personal jurisdiction for purposes of counterclaim where plaintiff had dismissed the original complaint after transfer).

But such is not the case here. Plaintiffs have continued to litigate in this court, and by doing so, have waived any objections to the court's exercise of personal jurisdiction to adjudicate claims ancillary to their own. Although this district is not the forum of their choosing, plaintiffs have not only pursued their claims here, but in 1994 amended their complaint to add new defendants. Thus, even if plaintiffs are here "involuntarily" for the purpose of their claims against Linda Lori, the same cannot be said with respect to their claims against Agents, Weiss and Bruschetti.

In the circumstances of this case, plaintiffs can fairly be required to litigate all the issues "embraced in the suit." *See Leman,* 284 U.S. at 451, 52 S.Ct. at 239–40. Nothing about this principle offends "traditional notions of fair play and substantial justice."

### III.

Plaintiffs, motion to dismiss the counterclaim is denied.

So ordered.