## TRANSPORTES MARITIMOS DO ESTADO v. ALMEIDO.

(Circuit Court of Appeals, Second Circuit. January 19, 1925.)

No. 144.

1. **Seamen ⬥3—Contract of seaman presumed valid under laws of nation under whose flag he shipped.**

Where alien shipped on foreign ship under flag of foreign nation, the presumption is that his contract was valid under the law of such nation and that it is to be construed thereby.

2. **Seamen ⬥29(5)—Foreign seaman could not bring action for wages in District Court where vessel was not in United States harbor as required by the statute.**

Foreign seaman who shipped on foreign vessel under foreign flag could not bring action for wages in District Court under Rev. St. §§ 4529, 4530 (Comp. St. §§ 8320, 8322), where vessel was not in United States harbor as required by such statutes.

In Error to the District Court of the United States for the Southern District of New York.

Action by Sylvia A. Almeido against the Transportes Maritimos Do Estado. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to dismiss complaint.

Transferred from the Supreme Court, 265 U. S. 104, 44 S. Ct. 449, 68 L. Ed. 933.

Almeida served as a waiter on the Portuguese steamship Goa. He shipped at New York, and the agreement contained in the articles was that he and others similarly situated should receive pay "until they reached the Port of New York." But it was further agreed that "such members of the crew

as are not to be sent back to New York shall be disembarked at Lisbon without payment of the return passage and without payment of salary for the duration of the return trip to New York." The Goa did not return to New York after a voyage to South American ports, but went to Lisbon, and there Almeida was paid off. He subsequently returned to New York as a passenger on another vessel and then brought this action under Rev. St. § 4529 (Comp. St. § 8320), seeking recovery of wages from the time he was paid off in Lisbon until he arrived in New York.

The complaint alleges that "defendant is a foreign corporation organized and existing under and by virtue of the laws of Portugal," and was the owner or manager of the Goa.

This the defendant denied, and averred that it was "a department of a sovereign foreign government," to wit, Portugal.

At trial the court held "that by answering generally the defendant had waived any right of immunity which it possessed." Although, as was further held by the trial court, the Transportes Maritimos Do Estado "has been proven to be a department of the sovereign government Republic of Portugal and its ships engaged on the business of said government."

Thereupon a writ of error was taken under Judicial Code, § 238 (Comp. St. § 1215), to the Supreme Court, which in 265 U. S. 104, 44 S. Ct. 449, 68 L. Ed. 932, held that the defense of sovereign immunity as above presented did not present a question of federal jurisdiction reviewable in the highest court on direct appeal and therefore remanded the writ to this court.

F. Dudley Kohler, of New York City (Frank H. Gerrodette, of New York City, of counsel), for plaintiff in error.

Silas B. Axtell, of New York City, for defendant in error.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). As this writ has been sent us by ruling authority, we proceed to consider it.

The principal question argued is of sovereign immunity from suit or action, something much discussed of late, and never presented in exactly the way it appears on this record.

We cannot consider this point, because we are persuaded that the case was improperly brought and the District Court had no power to entertain it.

The action is founded on R. S. § 4529, in the sense that the wages claimed are based upon a construction of that article; but the action promoted rests on R. S. § 4530 (Comp. St. § 8322) which reads: "And when the voyage is ended every such seaman [i. e., a seaman on a vessel of the United States] shall be entitled to the remainder of the wages which shall then be due him, as provided in section 4529 of the Revised Statutes. * * * And provided further, that this section shall apply to seamen on foreign vessels while in harbors of the United States, and the courts of the United States shall be open to such seaman for its enforcement."

We assume, without deciding, that the wage claim promoted by a foreign seaman and for less than $3,000 might be brought on the common-law side of an appropriate court, and so brought without any showing of diversity of citizenship against one who is charged in the alternative only as owner, charterer, or manager.

But with these assumptions made it remains uncontroverted that when this was begun, and at all times since, the Goa so far as shown was not in New York or elsewhere in the United States. And it is solely upon the plaintiff's contractual relations with the Goa that his cause of action depends.

[1] It is undeniable that plaintiff is an alien; a "foreign seaman" in every sense of the phrase. He shipped on the Goa under the Portuguese flag, and there is nothing to rebut the presumption that his contract was valid under the Portuguese law and is to be construed thereby.

He asserts a right of suit under the cited sections of the Revised Statutes; but those statutes are drawn primarily with reference to vessels of the United States. It is solely by virtue of the proviso (supra) that Almeida and his like have any rights, and those rights are extended by the proviso "that this section shall apply to seamen on foreign vessels while in harbors of the United States."

The history of the amendments to the Revised Statutes by what is commonly called the "La Follette Act" (38 Stat. 1164) is well known, and the legislation was upheld in Strathearn, etc., Co. v. Dillon, 252 U. S. 348, 40 S. Ct. 350, 64 L. Ed. 607, by holding that "we have no doubt as to the authority of Congress to pass a statute of this sort, applicable to foreign vessels in our ports and controlling the employment and payment of seamen as a condition of

the right of such foreign vessels to enter and use the ports of the United States." In the same decision (page 357), the court speaks of the right of recovering wages under these sections as one given to the seaman while the ship is in a harbor of the United States. To the same effect, The Italier, 257 F. 712, 168 C. C. A. 662.

[2] This is a wage claim—it can be nothing else for purposes of jurisdiction. As a suit upon a broken Portuguese contract instituted by one alien against another, it has no place on the docket of the District Court. But as a wage claim it belongs to a class of demands which can only be promoted by seamen on foreign vessels while their vessel is in a harbor of the United States.

For this reason the judgment is reversed and the cause remanded, with directions to dismiss the complaint.