## THE STRATHLORNE.

### VAN DER LIET et al. v. BURRELL & SONS.

(District Court, D. Oregon. August 9, 1926.)

No. A–9797.

Admiralty ⚙⇒5.

Libel by foreign seamen to establish breach of contract because of unseaworthiness of foreign vessel, and recover balance of wages due thereunder cannot be maintained in United States courts, under Comp. St. § 8322.

In Admiralty. Libel by Maritus Van Der Liet and others against the steamship Strathlorne; Burrell & Sons, claimant. Exception sustained, and libel dismissed.

B. A. Green and Louis V. Lundburg, both of Portland, Or., for libelants.

Wood, Montague & Matthiessen and Gunther F. Krause, all of Portland, Or., for claimant.

WOLVERTON, District Judge. This is a libel whereby four seamen, who are foreign to this country, are seeking to establish a breach of their contracts as able seamen with their vessel, which is also a foreign vessel, on the ground that the vessel is unseaworthy, and to recover the balance of wages due thereunder. Respondent excepts to the libel on the ground that the suit is between foreigners, and the court should not exercise jurisdiction in the case. The action is brought under section 8322, U. S. Compiled Statutes, which relates to the time and manner of payment of seamen's wages, and which provides, among other things, that the section shall apply to seamen on foreign vessels while in harbors of the United States, and that the courts of the United States shall be open to such seamen for its enforcement.

This statute is exclusively a wage statute, and is not intended to extend to foreign seamen other relief than as a means of enforcing payment of their stipulated wages, in ac-

cordance with the provisions of the act. The very matter here presented has been decided against libelants in Transportes Maritimos do Estado v. Almeido (C. C. A.) 5 F. (2d) 151, wherein it is held that a suit upon a broken contract instituted by one alien against another has no place on the docket of the District Court, but, as a wage claim, belongs to a class of demands which can be promoted only by seamen on a foreign vessel while their vessel is in a harbor of the United States.

Here it is sought, not to show merely a failure to pay wages, as the statute requires, but a breach in the contracts on the ground that the ship is unseaworthy, and the contracts are between foreigners. This, it would seem, is outside of the purview of section 8322.

Exception sustained, and libel dismissed.