**Pan Agiotis EVANGELINOS, Libellant,**

v.

**ANDREAVAPOR CIA, NAV. S. A. and THE SS NATIONAL HOPE, its engines, boilers, tackle, appurtenances, etc., Respondents.**

United States District Court
S. D. New York.
Jan. 21, 1958.

Isaac Salem, New York City, for libelant.

Cunningham & Cichanowicz, New York City, for respondents.

BICKS, District Judge.

Libellant alleges that for a period of approximately ten months he was employed as Chief Engineer aboard the SS National Hope, a vessel owned by the respondent Andreavapor Cia, Nav. S. A., a "corporation organized and existing under and by virtue of the laws of the Re-

public of Panama;"[1] and that when he was discharged there was owing to him the sum of $4,687.19 for vacation and overtime pay which he demanded, but which has not been tendered. This amount is claimed to be due by virtue of certain provisions of the Labor Code of Panama, which law libellant contends controls. His second cause of action is brought under 46 U.S.C.A. §§ 596, 597 to recover two days pay for each day that any wages to which he may be found to be entitled, remain unpaid without just excuse.

To this libel the respondent filed "exceptive allegations" the substance of which are that the S.S. National Hope was a vessel registered under the laws of the Republic of Liberia, flying the Liberian flag and that the libellant signed Liberian Articles for service thereon. Respondent's position is that by reason of the foregoing the libel fails to state a claim for relief since the law of Panama, upon which the libellant bases his suit, may not here be applied. The issue to be decided then, is whether a libel which relies solely upon the law of the domicile of the corporate owner of a vessel, making no reference to the nationality of the ship or the law thereof, states a good cause of action.

Preliminary to the main thrust of his argument, libellant contends that determination of the issues raised by respondent's papers may be based only upon the facts alleged in the libel and that the additional facts raised by the "exceptive allegations", namely, the fact of Liberian registry and flag may not be considered. The point has some merit since "exceptive allegations" are pleadings which "bring to the attention of the court some fact or circumstance not appearing upon the face of the libel but constituting in itself a *complete bar to recovery.*" 2 Benedict on Admiralty § 334. (Emphasis added.) The new facts raised by the "exceptive allegations" are not such as would by themselves constitute a complete bar to recovery since there may be a

right under the law of Liberia or otherwise, so that to denominate them "exceptive allegations" seems a misnomer. This fact is, however, of no great moment since, tested solely by the facts contained therein, the libel fails to state a cause of action.

██ The general rule as to what law governs matters of the "internal economy" of a ship, such as wages, is that the law of the flag controls. In reviewing the major "contact points" to be considered in arriving at a choice of law in maritime cases Mr. Justice Jackson said: "Perhaps the most venerable and universal rule of maritime law relevant to our problem is that which gives cardinal importance to the law of the flag. * * * Nationality is evidenced to the world by the ship's papers and its flag * * *. It is significant to us here that the weight given to the ensign overbears most other connecting events in determining applicable law." Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 929, 97 L.Ed. 1254.

Libellant's brief urges that the courts frequently use the term law of the flag loosely and in contexts in which law of the owner's domicile could have been used with equal or perhaps even·better effect. We have not, however, been cited to any case in which the distinction between those terms, when material, was overlooked. The cases which apply the principle that the law of the flag is to govern matters such as the one before us are legion, see: In re Ross, 1891, 140 U.S. 453, 11 S.Ct. 897, 35 L.Ed. 581; The Hanna Nielsen, 2 Cir., 1921, 273 F. 171; Crapo v. Kelly, 1872, 16 Wall. 610, 83 U.S. 610, 21 L.Ed. 430; Transportes Maritimos Do Estado v. Almeido, 2 Cir., 1925, 5 F.2d 151; Taylor v. Atlantic Maritime Co., 2 Cir., 1950, 179 F.2d 597; Radovcic v. The Princ Pavle, D.C.S.D. N.Y.1942, 45 F.Supp. 15; Rainey v. New York & P. S.S. Co., 9 Cir., 1914, 216 F. 449, L.R.A.1916A, 1149; Cunard S.S. Co. v. Mellon, 1922, 262 U.S. 100, 43 S.Ct. 504, 67 L.Ed. 894; The Belgenland, 1884,

---

I. Para. 1 of libel.

114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152; Grivas v. Alianza Compania Armadora, D.C.S.D.N.Y.1957, 150 F.Supp. 708; McQuade v. Compania De Vapores, D.C.S.D. N.Y.1955, 131 F.Supp. 365.

Libellant cites, however, the line of cases following Gerradin v. United Fruit Co., 2 Cir., 1932, 60 F.2d 927 as establishing a contrary rule. This case, which imposed tort liability upon American owners of a vessel flying the flag of Honduras, presents an exception to the usual rule and is based upon a policy, announced by the Congress, to protect American seamen on American owned vessels at the expense of the usual conflicts of law principles. It is established beyond cavil that such principles of comity yield to overriding considerations of domestic policy.

Libellant cites Article 2 of the Labor Code [2] in his brief (it does not appear in the libel itself), and argues that respondent falls within its terms. That section, without more, does not support the position for which it was advanced. It must be read to refer to those within the national territory in the physical sense and cannot be extended in its application by this court. See Scharrenberg v. Dollar S.S. Co., 1917, 245 U.S. 122, 38 S.Ct. 28, 62 L.Ed. 189.

Libellant contends further that "assimilated to the contract of employment * * * were the then effective provisions of the laws of the Republic of Panama * * *." [3] Under what national law the Articles were drawn, or what they provided, has not been set forth. The bald allegation that Panama law was "assimilated" to the contract, without placing that term in any meaningful context, is insufficient to support the position which libellant advances.

Exceptions sustained with leave to libellant to file an amended libel, if he is so advised.

2. "The provisions of the present code are of public order [affected with the public interest] and obligate all enterprises, exploitations or establishments now existing or which in the future may be established on the Republic, as well as all natural persons within the national territory."

3. Para. 5 of libel.