John MONTEIRO, Libelant,

v.

**SOCIEDAD MAR. SAN NICOLAS, S.A.**
**and THE S.S. EURYVIADES, her en-**
**gines, tackles, boilers and appurte-**
**nances, etc., Respondents.**

United States District Court
S. D. New York.

Aug. 4, 1959.

See also 155 F.Supp. 382.

**2**

Lebovici & Safir, New York City, for libelant (Isaac Salem, New York City, of counsel).

Cardillo & Smith, New York City, for respondents (Donald F. Mooney, New York City, of counsel).

MURPHY, District Judge.

In this libel a Portuguese national seeks recovery under Panamanian law for overtime and vacation pay allegedly due him by virtue of his employment aboard a Liberian flag vessel owned by respondent, a Panamanian corporation. A second cause of action herein seeks recovery under Title 46 U.S.C.A. §§ 596, 597, of a penalty of two days pay for each day that such pay was wrongfully withheld.

■■ Respondent has filed exceptions to the libel on the grounds that Panamanian law is not applicable to a vessel registered under the laws of Liberia and flying the Liberian flag and that libelant was serving aboard this vessel under articles of agreement of the merchant marine of the Republic of Liberia, and that by reason of the premises the libel fails to state facts sufficient to constitute a cause of action. In support of its position respondent cites a number of cases decided by this court which in effect reaffirm the long settled general rule that the law of the flag of the ship governs the internal economy of the ship, especially with regard to the wages of the crew, and further hold that merely because it is owned by a Panamanian corporation does not make Panamanian law applicable to a ship of foreign registry, particularly where that law is not by its terms so applicable. Evangelinos v. Andreavapor Cia. Nav. S.A., D.C.S.D.N.Y.1958, 162 F.Supp. 520; Grivas v. Alianza Compania Armadora, D.C.S.D.N.Y.1957, 150 F.Supp. 708; McQuade v. Compania De Vapores, D.C.S.D. N.Y.1955, 131 F.Supp. 365. We agree with respondent and sustain its exceptions.

■■ Libelant concedes the correctness of the foregoing disposition but seeks by cross-motion leave to file an amended libel "so as to more fully set forth the Panamanian law which is relied upon and also to set forth a cause of action under the Liberian law in the alternative."

The proposed amended libel sets forth as its first cause of action the identical claim under Panamanian law as to which exceptions were hereinabove sustained, with the exception of the additional allegations in paragraphs sixth, seventh and eighth. These are conclusory allegations based upon information and belief that Panamanian law is applicable to and binds Panamanian corporations operating merchant vessels regardless of where the vessels are operated or the corporation is doing business, and that by incorporating in Panama the corporation agrees to be bound by all the laws of Panama that are applicable. We fail to see where these allegations measure up to what was promised in the cross-moving papers by libelant to "more fully set forth the Panamanian law which is relied upon," and consider them no more than a restatement in effect of the unsupported argument that Panamanian law is applicable to ships of foreign registry. Libelant insists that these conclusory allegations must be deemed admitted for the purpose of testing respondent's "exceptions" thereto and in that light the

libel states a good and sufficient cause of action. There is no substance to such argument simply because no exceptions have been made to the proposed amended libel. Leave to file the amended libel has not been granted and in the exercise of the court's discretion, to which the cross-motion is addressed, will not be forthcoming for the above and following reasons.

 The second cause of action set forth in the alternative in the proposed amended libel in substance is identical to the first except that the claim is based upon Liberian law similar to the Panamanian law relied upon in the first. The third cause of action, as in the original libel, is based upon §§ 596, 597 of Title 46, and depends in necessary part for its success upon libelant succeeding in establishing his claim under one of the other causes of action. These first two primary claims are bottomed, not on any alleged wages due libelant in accordance with the articles he signed and agreed to—for he has signed a statement that he has received all the monies and wages due him from the vessel under those articles—but rather on the provisions of foreign statutes similar to our own minimum wage laws or Fair Labor Standards Acts, 29 U.S.C.A. § 201 et seq., and as such are not in their nature of admiralty cognizance. Merely because these foreign statutes are applicable to seamen as well as to virtually every other calling or type of employee cannot be said to qualify claims based thereon as maritime claims and thereby within the admiralty jurisdiction of the district court. As a suit by one alien against another based upon a foreign statute, in the absence of diversity of citizenship, it has no place upon the docket of the district court and jurisdiction should be declined. Furthermore, with regard to the claim based upon Liberian law, respondent has submitted to the court a certificate of the Acting Consul General of the Republic of Liberia here in New York City of the Consul's willingness to entertain the libelant's claim in accordance with the Consul's jurisdiction as provided in the Convention Between the United States of America and The Republic of Liberia, 54 Statutes-at-Large 1751. It is apparent therefore that the libelant is not without an appropriate remedy and in the absence of any claim of hardship it does not seem necessary under the circumstances to add to the burden of this court's calendar a claim which may properly be pursued under the Liberian law before the Liberian Consul. Jurisdiction is accordingly declined.

Accordingly, the exceptions to the libel are sustained and the libel is dismissed without leave to plead over again. The cross-motion to file an amended libel is denied.

These are orders.