Panagiotis EVANGELINOS, Libellant,

v.

ANDREAVAPOR CIA. NAV., S. A. and THE SS NATIONAL HOPE, its engines, boilers, tackle, appurtenances, etc., Respondents.

United States District Court
S. D. New York.

Nov. 21, 1960.

Isaac Salem, New York City, for libellant.

Cichanowicz & Callan, New York City, for respondents.

BICKS, District Judge.

This motion is addressed to the sufficiency of the first cause of action in the second amended libel wherein libellant asserts a claim under the Panamanian Labor Code for wages earned while serving as Chief Engineer on the S.S. National Hope, a vessel registered and enrolled under the laws of the Republic of Liberia. Respondent, Andreavapor Cia. Nav., S.A., owner and operator of the vessel at the times critical here, is a Panamanian corporation.

The motion to dismiss renews the objections earlier urged upon this Court on the occasion of a similar motion addressed to the original libel. See Evangelinos v. Andreavapor Cia. Nav., S.A., D.C.S.D. N.Y.1958, 162 F.Supp. 520. The respondent argues that the libel fails to state a valid claim since the laws of Panama, upon which the libellant bases his suit, may not be applied where the ship flies the Liberian flag.

This Court sustained libellant's exceptions to the original libel on the ground that, "[t]he general rule as to what law governs matters of the 'internal economy' of a ship, such as wages, is that the law of the flag controls." Evangelinos v. Andreavapor Cia. Nav., S.A., supra, at page 521. Libellant was given leave to file an amended libel. Exceptions were filed thereto and a second amended libel was served.

The second amended libel is substantially the same as the original libel. The later pleading includes conclusory allegations based upon information and belief that Panamanian law is applicable to and controls as to matters affecting the internal economy of ships owned and operated by Panamanian corporations, without regard to the country of registry.

Since this Court's earlier disposition of this case was not a final judgment, strict *res judicata* principles do not apply. Merriam Co. v. Saalfield, 1916, 241 U.S. 22, 28, 36 S.Ct. 477, 60 L.Ed. 868. While the opinion in the earlier motion is the "law of the case", the doctrine described by that phrase does not impose an "imperative duty to follow the earlier ruling * * *" Dictograph Products Co. v. Sonotone Corp., 2 Cir., 1956, 230 F.2d 131, 135, especially where the previous disposition is of a substantial nature, 1 Moore's Federal Practice, Para. 404[4], p. 4214. Later comments by the Court of Appeals for this circuit suggest a re-examination of the problem: whether a libel which relies solely upon the law of the domicile of the corporate owner of a vessel, making no reference to the nationality of the ship or the law thereof, states a good cause of action.

Grivas v. Alianza Compania Armadora, S.A., 2 Cir., 1960, 276 F.2d 822, heavily relied upon by libellant, obviously has been misread by him. While the Court of Appeals stated that it was not deciding that "some law having a more meaningful relation than the law of a 'nominal foreign registration' ought not be chosen," 276 F.2d at page 825, it held that Panamanian law would not be applied to the internal affairs of a Liberian ship owned by a Panamanian corporation where there was no showing that Panama's conflicts rule would require the application of Panamanian law under these circumstances. The Grivas case may indicate a dissatisfaction with application of the law of the flag under circumstances of "nominal" registration, but libellant was there held to the burden of showing that Panama's courts would apply the Panamanian Labor Code to the internal affairs of a Liberian ship. Absent such a showing, libellant did not prevail.

This Court need not reach the question of the alleged nominal character of respondent's Liberian registration, for the libellant has made no showing that Panama would apply its own law if the

question arose in its own courts. Grivas v. Alianza Compania Armadora, S.A., supra; Monteiro v. Sociedad Maritima San Nicolas, S.A., 2 Cir., 1960, 280 F.2d 568.

Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 is inapposite here. That landmark case dealt with the application of the Jones Act, 46 U.S.C.A. § 688, a statute evidencing a policy of affording a remedy to American seamen for torts. The instant case is brought under the general maritime law and deals with an alien seaman, an alien respondent, and foreign registry.

Assuming, without deciding, that respondent's connection with Liberia is "nominal", this Court would still be required to apply the law of the flag. The Supreme Court has held that the federal courts are bound by international law and that "[t]he most certain guide * * is a treaty * * *." Hilton v. Guyot, 1895, 159 U.S. 113, 163, 16 S.Ct. 139, 143, 40 L.Ed. 95; Treaty of Friendship, Commerce and Navigation between the United States of America and Liberia, 54 Stat. 1739 (Aug. 8, 1938). With respect to the national character of a ship, the Supreme Court has held the rule of international law to be that the flag is deterninitive, save in the narrow exception carved out for Jones Act plaintiffs in Lauritzen v. Larsen, supra. The Navemar, 2 Cir., 1937, 90 F.2d 673, 676, reversed on other grounds sub nom. Compania Espanola de Navagacion Maritima, S.A. v. The Navemar, 1938, 303 U.S. 68, 58 S.Ct. 432, 82 L.Ed. 667. See also In re Ross, 1891, 140 U.S. 453, 11 S.Ct. 897, 35 L.Ed. 581; The Hanna Nielsen, 2 Cir., 1921, 273 F. 171; Crapo v. Kelly, 1872, 16 Wall. 610, 83 U.S. 610, 21 L.Ed. 430; Transportes Maritimos Do Estado v. Almeido, 2 Cir., 1925, 5 F.2d 151; Taylor v. Atlantic Maritime Co., 2 Cir., 1950, 179 F.2d 597; Radovcic v. The Princ Pavle, D.C.S.D.N.Y.1942, 45 F. Supp. 15; Rainey v. New York & P. S. S. Co., 9 Cir., 1914, 216 F. 449, L.R.A. 1916A, 1149; Cunard S.S. Co. v. Mellon, 1922, 262 U.S. 100, 43 S.Ct. 504, 67 L.Ed. 894; The Belgenland, 1884, 114 U.S. 355,

5 S.Ct. 860, 29 L.Ed. 152; Grivas v. Alianza Compania Armadora, S.A., D.C. S.D.N.Y.1957, 150 F.Supp. 708; McGuade v. Compania De Vapores San Antonio, S.A., D.C.S.D.N.Y.1955, 131 F. Supp. 365.

The first cause of action in the second amended libel will be dismissed.

So ordered.