**Panagiotis EVANGELINOS, Libelant-Appellant,**

v.

**ANDREAVAPOR CIA. NAV., S.A. and THE S.S. NATIONAL HOPE, Respondents-Appellees.**

No. 389, Docket 26850.

United States Court of Appeals Second Circuit.

Argued May 25, 1961.

Decided June 19, 1961.

Isaac Salem, of Lebovici & Safir, New York City, for libelant-appellant.

Victor S. Cichanowicz, of Cichanowicz & Callan, New York City (Paul M. Jones, of Cichanowicz & Callan, New York City, on the brief), for respondents-appellees.

Before CLARK and WATERMAN, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM.

Libelant appeals from the dismissal of his second amended libel, for failure to state a claim in an action to recover overtime and vacation pay under Panamanian law. The district court in a memorandum opinion, D.C.S.D.N.Y., 188 F.Supp. 794, held that libelant's right to

compensation for work as Chief Engineer upon respondent's ship was governed by the law of the flag (Liberia), rather than by the law of the shipowner's state of incorporation (Panama). This reaffirmed the court's dismissal of the original libel in the opinion reported in D:C. S.D.N.Y., 162 F.Supp. 520.

In Grivas v. Alianza Compania Armadora, S.A., 2 Cir., 276 F.2d 822, 825, followed in Monteiro v. Sociedad Maritima San Nicolas, S.A., 2 Cir., 280 F.2d 568, certiorari denied Sociedad Maritima San Nicolas, S.A. v. Monteiro, 364 U.S. 915, 81 S.Ct. 272, 5 L.Ed.2d 228, we held that (1) the law of the flag customarily governed the question of liability of shipowner to crew, (2) exceptions to this rule might sometimes be appropriate where the flag nation's only contact is a "nominal foreign registration," but (3) "a prerequisite to the forum's choosing the law of a state other than that of the flag, at least when the law of the flag would not do so, must be a showing that such state would apply its own law if the question arose in its own courts * * *." Here libelant's conclusory allegations that Panama would apply its own substantive law to this situation are insufficient to fulfill the requirement laid down in the Grivas case. Virtually identical allegations were held too conclusory and therefore insufficient in the Monteiro case, D.C.S.D.N.Y., 175 F.Supp. 1, affirmed 2 Cir., 280 F.2d 568.

Libelant's assertion that his allegations must be taken as true is qualified by the rule that foreign law must be pleaded with particularity. E. g., Iafrate v. Compagnie Generale Transatlantique, D.C.S.D.N.Y., 106 F.Supp. 619, 622. See also Sommerich & Busch, Foreign Law 23 et seq. (1959). Libelant cannot avoid this rule by saying that he intends to rely upon expert testimony, rather than on specific statutes or cases. Unless the allegations point out the statutes or cases to which an expert would testify, libelant has not complied with the rule laid down in the Grivas case.

Order affirmed.