The Libel and Complaint of **WALL STREET TRADERS, INC.**, as Owner of the S.S. GLEN BROOK,

v.

**SOCIEDAD ESPANOLA DE CONSTRUC-CION NAVAL**, in a cause of contract and tort civil and maritime.

United States District Court
S. D. New York.

Sept. 10, 1963.

Zock, Petrie, Sheneman & Reid, New York City, for libellant.

Sol A. Rosenblatt, New York City, for respondent, Kirlin, Campbell & Keating, New York City, of counsel.

TYLER, District Judge.

On April 5, 1963, Wall Street Traders, Inc. ("Traders"), a New York corporation, filed a libel in this court against Sociedad Espanola De Construccion Naval ("Naval"), a Spanish corporation apparently engaged in the business of shipbuilding, repairing, and converting.[1] On April 25, 1963, an amended libel was filed in which was asserted a prayer for arbitration of the dispute in New York City.

Traders now moves for an order compelling Naval to arbitrate (9 U.S.C. § 3) and § 8 the claims which are the subject matter of the libel. Naval, opposing this petition to compel arbitration, cross-moves for an order dismissing the libel, vacating the attachment of certain of its property which was obtained by libellant at the institution of the libel and granting certain alternative relief.

The underlying facts are, in brief, as follows:

On August 2, 1961, the Progressive Steamship Corporation ("Progressive") entered into four contracts with Naval for the conversion by Naval of four ships. Though Progressive was characterized in each of the four contracts as the "owner" of the subject ship, Traders asserts that it was then, and since March,

1. Actually, Naval in the first libel was named as "Sociedad Espanol Construccion Navale"; it was named in the amended libel as "Sociedad Espanola De Construccion Naval".

1960 has been, the owner of one of the four ships, the SS GLEN BROOK.

The present dispute between Traders and Naval arises from the allegedly deficient performance of Naval on the GLEN BROOK conversion. Traders alleges in its amended libel (paragraph "Third") that on or about January 28, 1963, it "succeeded to all the rights, privileges and powers of Progressive * * *" under the SS GLEN BROOK contract of August 2, 1961.

Turning first to Naval's motion to dismiss the amended libel, Naval disputes that there was any novation of the SS GLEN BROOK agreement as claimed by libellant.

Naval argues more particularly that Spanish law governs the contract and points out, correctly, that Traders has failed to plead or prove the applicable Spanish law. Alternatively, Naval argues that, under the law of this jurisdiction, there was no such novation.

■ The subject contract was entered into in Spain, and was to be performed there. The contract makes no reference to the law which is to govern it. Under any test for choice of law with which this court is acquainted, the law of Spain governs this contract. Accordingly, the law of Spain determines whether there was a novation under this contract, by virtue of which Traders became a contracting party.

■ Traders has failed to adequately plead or state any claim since it has failed to plead or prove the law on which its claims depend. Although in some cases where the plaintiff fails to plead or prove the governing foreign law the court may apply the law of the forum,[2] this is not the best course where, as here: (i) the sums involved in the dispute are substantial;[3] (ii) the issues of law are substantial and complex;[4] (iii) the respondent urges that Spanish law does control; and, (iv) libellant has expressly declined to plead or prove Spanish law, basing its refusal on what I consider to be an erroneous view of the law.[5]

Accordingly, the libel is dismissed,[6] with leave to libellant to serve a second amended libel containing proper allegations of applicable Spanish law. Because of this disposition, libellant's motion to compel arbitration is denied, without prejudice to its renewal at a later date if libellant is so advised.

2. F. A. R. Liquidating Corp. v. Brownell, 130 F.Supp. 691, 694 (D.Del.1955); compare, Stewart v. Godoy-Sayan, 153 F. Supp. 544, 545 (S.D.N.Y.1957).

3. The libel (amended) asks damages in the sum of $700,000. Therefore this is not a case where the expense of proving the foreign law is disproportionate.

4. This is not merely a case where a contract is to be construed. A novation, at least in the present setting, is an implication or conclusion of law to be drawn from the acts or statements of individuals who may not have intended such consequences. A thorough review of the ample record which is before this court discloses that there may have been no "express" novation, and also discloses that if a novation were to be found by operation of law, the decision would, at best, be a close one.

5. In its papers, Traders has argued: "* * * [T]he question of whether or not Spanish law governs the contract is to be decided solely by the arbitrators. Where there is an arbitration provision, it is axiomatic that all questions both as to fact and to the law to be applied to the contract are for the arbitrators." (Libellant's Memorandum of Law, p. 24). But this is a classic instance of putting the cart before the horse: Traders' right to enforce any of the terms of this contract, including, of course, the arbitration provision, must derive from the operation of Spanish law upon the acts and statements of these parties.

6. Evangelinos v. Andreavapor Cia., 291 F. 2d 624, 625 (2d Cir. 1961): Fernandez v. Linea Aeropostal Venezolana, 156 F. Supp. 94, 98–99 (S.D.N.Y.1957); Iafrate v. Compagnie Generale Transatlantique, 106 F.Supp. 619, 622 (S.D.N.Y.1952). An alternative would be for this court to take judicial notice of, and apply, the applicable Spanish law. The reason for the general rule that the federal courts will not take judicial notice of foreign laws, 1A Moore's Federal Practice 3528 (¶ 0.316(5)), is that the ends of justice will be better served if the court has the aid of counsel in interpreting that law. That rule is fully applicable here.

**360**

Similarly, the motion of respondent to vacate the underlying attachment and for other relief is denied without prejudice to renewal. Arguably, there may be no jurisdiction of this cause, or, if there is, this court may ultimately decline to exercise such jurisdiction on *forum non conveniens* grounds. But, as heretofore indicated, these and other inherent complex questions of law and fact may be better resolved on adequate and appropriate pleadings.

Settle order on notice.