In the Matter of the arbitration under voyage charter dated November 1, 1961, between VICTORY TRANSPORT INCORPORATED, owner of the S.S. HUDSON, Petitioner,

and

COMISARIA GENERAL de ABASTECIMIENTOS y TRANSPORTES, voyage charterer of the S.S. Hudson, Respondent.

United States District Court
S. D. New York.
Nov. 13, 1963.

Burlingham, Underwood, Barron, Wright & White, New York City, for petitioner Victory Transport, Inc.

Harry Wallach, New York City, for respondent Comisaria General de Abastecimientos, etc.

MURPHY, District Judge.

In opposition to the petition of Victory Transport Incorporated to compel arbitration, the respondent cross-moves to vacate service of the petition and further to dismiss the petition on the grounds that (a) respondent is not subject to the jurisdiction of this court by reason of its sovereign immunity and (b) this court is without jurisdiction over the controversy.

Since a decision on the cross-motions will be dispositive of the petition we will treat them first.

Very briefly, the facts are these. Petitioner, as owner of the vessel S.S. Hudson, voyage chartered her to respondent, a branch of the Ministry of Commerce of the Spanish government, for a voyage carrying a wheat cargo from Mobile, Alabama, to two ports in Spain. The vessel sustained damage at the discharging ports and petitioner makes claims exceeding $200,000. The charter party was made in New York and provides for arbitration of disputes arising under it in New York. After both its demands for payment and for arbitration were ignored, petitioner secured an *ex parte* order from this court (Dawson, J.) permitting service of its petition to compel arbitration by registered mail. This service was effected on April 1, 1963.

Respondent now moves for an order vacating the order authorizing the service and the service itself on the ground that both are wholly ineffectual to confer *in personam* jurisdiction on this court

Undoubtedly Judge Dawson initially had the same doubt for upon presentation of the *ex parte* order to him he requested a memorandum of law on the propriety of such an order. The memorandum submitted was based on an interpretation of the Federal Rules of Civil Procedure and the New York Civil Practice Act as they were made applicable by § 4 of the United States Arbitration Act, 9 U.S.C. § 4. Reliance was also placed on this circuit's decision in Farr & Co. v. Cia Intercontinental De Navegacion, 243 F.2d 342 (2d Cir., 1957) affirming Farr & Co. v. S.S. Punta Alice, 144 F.Supp. 839 (S.D.N.Y., 1956). Without rehashing these decisions and the arguments therein, we think they are controlling. By entering into an agreement providing for arbitration in New York the parties consented to New York's jurisdiction. Thus service of process became significant only to the extent that it was required so as to avoid a violation of due process.

Accordingly, the motion to vacate Judge Dawson's order and the service made pursuant to it is denied.

A more thorny question is presented by respondent's motion to dismiss the petition on the ground that this court lacks jurisdiction over it by reason of respondent's sovereign immunity.

The doctrine of sovereign immunity has long been espoused by American courts. It has been noted, however, that this exemption from suit is not an explicit command of the Constitution but rather is based on policy considerations. National City Bank of New York v. Republic of China, 348 U.S. 356, 358–359, 75 S.Ct. 423, 99 L.Ed. 389 (1955). In this case the court went on to say: "As the responsible agency for the conduct of foreign affairs, the State Department is the normal means of suggesting to the courts that a sovereign be granted immunity from a particular suit. * * * Recently the State Department has pronounced broadly against recognizing sovereign immunity for the commercial operations of a foreign gov-

ernment, 26 Dept.State Bull. 984 (1952). * * * " Id. at 360–361, 75 S.Ct. at 427.

The State Department Bulletin referred to by the court is the so-called "Tate Letter." The respondent, assuming *arguendo* that the "Tate Letter" is representative of the present policy of the State Department, suggests that the transaction giving rise to petitioner's claim was a sovereign or public act as distinguished from a private or commercial transaction. The "Tate Letter" suggested immunity in the former case and none in the latter. The argument is based on the fact that the cargo of wheat aboard the S.S. Hudson was being shipped pursuant to the Surplus Agricultural Commodities Agreement between the United States and Spain. We have no doubt that this is true but very simply put, petitioner's claim does not arise out of that agreement but out of the charter party between it and respondent. This, we think, is a commercial operation of the Spanish government and as such the defense of sovereign immunity is not available.

In passing, we note the unreported case of Hellenic Lines Ltd. v. Moore cited in respondent's brief. A telephone call to the clerk of the district court for the District of Columbia revealed that there was no opinion accompanying the order signed in that case. Accordingly, we did not consider it in deciding these motions.

Finally, respondent asserts that aside from the question of sovereign immunity this court should decline jurisdiction by reason of the "Act of State Doctrine." We take this doctrine to mean that the courts of this country will not sit in judgment on the *official* acts of foreign government done within its own territory. We do not think that the acts upon which petitioner bases its claim (negligence perhaps) can be considered *official* acts.

Consequently, all of respondent's motions are denied and petitioner's motion to compel arbitration is granted.

Settle orders.