.Petition of PETROL SHIPPING CORPO-RATION, as Owner of the TANKER ATLANTIS, for an order directing the Kingdom of Greece, Ministry of Commerce, Purchase Directorate, charterer of said vessel, to proceed to arbitrate in accordance with the terms of its written agreement.

United States District Court
S. D. New York.
June 4, 1965.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for petitioner; Eli Ellis, New York City, of counsel.

Nixon, Mudge, Rose, Guthrie & Alexander, New York City, for Kingdom of Greece; Arthur M. Becker, Washington, D. C., of counsel.

FEINBERG, District Judge.

This case is before the court after remand from the Court of Appeals for the Second Circuit. Petitioner Petrol Shipping Corporation, owner of the tanker "Atlantis," seeks an order compelling respondent, the Kingdom of Greece, Ministry of Commerce, Purchase Directorate,

to proceed to arbitration. Petitioner and respondent were parties to a charter party, dated February 12, 1960, by which the tanker "Atlantis" was chartered for the carriage of a cargo of grain from American ports to Piraeus, Greece. The charter party contained an arbitration clause. The cargo to be carried was a cargo of bulk grain sold by the United States to the Kingdom of Greece, under an agreement between the United States and Greece made pursuant to the Agricultural Trade Development and Assistance Act, 68 Stat. 454, 7 U.S.C. §§ 1691–1736, providing for the sale of surplus agricultural commodities.

The petition is brought pursuant to section 4 of the United States Arbitration Act, 9 U.S.C. § 4. It alleges that the "Atlantis" proceeded to a berth in Piraeus designated by respondent, but that the berth was not a safe one and, as a result, the vessel suffered damages of approximately $287,000. The petition also sets forth the arbitration clause, states that petitioner has designated its arbitrator and that respondent has failed to appoint its arbitrator, although due notice of arbitration and demand therefor has been served by petitioner. The petition was filed in this court in January 1963, and thereafter, in a memorandum by Judge Dawson, dated February 21, 1963, a motion for an order directing the Kingdom of Greece to proceed to arbitration was denied. The basis of denial was that respondent asserted its sovereign immunity to suit. On appeal, the order was at first affirmed by a panel of the court of appeals. Petrol Shipping Corp. v. Kingdom of Greece, 326 F.2d 117 (2d Cir. 1964). Thereafter, a rehearing en banc was granted, and in a per curiam decision dated May 25, 1964, after consideration of a brief filed by the United States as amicus curiae, the court of appeals vacated the judgment of the district court dismissing the petition and remanded the case "with instructions to take such evidence as is relevant to the contentions of the parties and to make a

further determination in the light thereof and the arguments made thereon by the parties and, if the District Court deems desirable, by the United States." 332 F.2d 370 (2d Cir. 1964). On August 12, 1964, following the death of Judge Dawson, the matter was ordered to be heard in this court on October 5, 1964.

On September 9, 1964, the court of appeals issued its opinion in Victory Transport, Inc. v. Comisaria General, 336 F.2d 354 (2d Cir. 1964), cert. denied, 380 U.S. 929, 85 S.Ct. 939 (1965). In that case, which is remarkably similar on its facts to this case, the court affirmed an order compelling arbitration between the owner of a ship and a branch of the Spanish Ministry of Commerce. Petitioner there claimed hull damage in discharging cargo in an allegedly unsafe Spanish port, which had been designated as a safe port. The arbitration clause was identical to the arbitration clause involved in this case. In that case, the court held, among other things, that it would follow the distinction recognized by the State Department between a sovereign's private and public acts and that the chartering by respondent of a ship to transport a purchase of wheat partook "far more of the character of a private commercial act than a public or political act." 336 F.2d at 360. Accordingly, the court denied the claim of sovereign immunity. The court also held that by agreeing to arbitrate in New York, respondent in that case consented to the jurisdiction of the court that could compel the arbitration proceeding in New York.

In September 1964, respondent in this case sought an adjournment of the scheduled October hearing on remand to allow the Greek government to make a formal application to the United States Department of State presenting a claim of foreign sovereign immunity. The adjournment was granted and the application was made. The Secretary of State denied the plea for sovereign immunity. Thereafter, in lieu of a formal hearing before this

court, the parties, on October 29, 1964, entered into a stipulation as to certain facts and exhibits, with the understanding that the court would then rule upon the renewed motion of petitioner for an order directing respondent to proceed to arbitration. Following the suggestion appearing in the circuit court opinion dated May 25, 1964, the court invited the United States to submit an amicus brief containing any suggestions or comments which the United States felt might be appropriate with respect to the record or the contentions of the parties. By letter dated November 18, 1964, from John W. Douglas, Assistant Attorney General, Civil Division, Department of Justice, the United States declined the invitation. In its letter, the government referred to the *Victory Transport* decision, supra, which it characterized as involving "circumstances that appear to be identical to those of the present case." In late November, final briefs were filed with this court by the parties. On January 7, 1965, a petition for a writ of certiorari to the United States Court of Appeals for the Second Circuit was filed in the *Victory Transport* case by the same law firm that represents the Greek government here. On June 1, 1965, the petition was denied, 380 U.S. 929, 85 S.Ct. 939 (1965).

In its brief here, the Greek government agrees that the *Victory Transport* decision is similar to the instant case. Although it urges that the decision there was erroneous, it recognizes that this court is bound by the decision in that case and urges only two further points for consideration: (1) the purported service of process on respondent was invalid and its invalidity cannot be cured; and (2) there has been no consent to the jurisdiction of the district court.

■ With regard to the service of process, the court of appeals in *Victory*

*Transport* stated the following (336 F.2d at 364):

"The appellant has also challenged the propriety of the extraterritorial service employed here. But since the appellant [h]as consented beforehand to the jurisdiction of the district court, the sole function of process in this case was, as Judge Murphy correctly noted below, to notify the appellant that proceedings had commenced. This function was certainly performed. Moreover, similar service of process on non-governmental foreign corporations was held sufficient in the Farr and Orion cases, supra. No rule of international law requires special treatment for serving branches of foreign sovereigns. * * * "

In this case, as in *Victory Transport*, respondent has consented beforehand to the jurisdiction of the district court, and the notice function of process has been performed.

On the issue of consent, respondent contends that under Greek law the representatives of the Purchase Directorate of the Ministry of Commerce who signed the charter party lacked authority to agree to arbitration. This point is raised for the first time in respondent's memorandum submitted after the parties had formally stipulated the facts and exhibits.[1] The Greek law relied upon is set out in the memorandum prepared by counsel presumably not expert in Greek law; appended to the memorandum are English and Greek versions of the assertedly relevant foreign legal materials. No other proof has been offered in the form of affidavits or otherwise, except an affidavit stating that the translation of the Greek Code into English is accurate. Indeed, it is respondent's position that "this Court may and should take judicial notice of the referenced provisions of Greek law * * *."[2]

1. The memoranda were filed pursuant to instructions by the court. Transcript of conference on October 29, 1964, p. 6.

2. Memorandum for the Kingdom of Greece, p. 9 n. 1.

**440**

For purposes of this question, I will assume, without deciding, that the issue of authority to agree to arbitrate is for the court [3] on a motion to compel arbitration under 9 U.S.C. § 4.[4] Respondent cites Rule 4511(b) of the N.Y. CPLR as applicable under Fed.R.Civ.P. 43(a).[5] This rule provides:

> "Every court may take judicial notice without request of * * * the laws of foreign countries * *. Judicial notice shall be taken * * if a party requests it, furnishes the court sufficient information to enable it to comply with the request, and has given each adverse party notice of his intention to request it. Notice shall be given in the pleadings or prior to the presentation of any evidence at the trial, but a court may require or permit other notice."

Obviously, on the basis of the papers before me, this is not a case in which the court "shall" take judicial notice upon request. We are here concerned with the internal powers of a foreign government, and the applicable language and legal code is Greek (literally and figuratively). The paucity of proof supplied to the court has already been described. Under these circumstances, it cannot be seriously contended that counsel has furnished "the court sufficient information to comply with the request." [6]

Neither do I choose to take judicial notice of the Greek law as a matter of discretion. The difficulties of language, the insubstantial assistance provided by respondent's counsel, and the court's unfamiliarity with the legal system involved alone persuade me not to exercise my discretion as respondent requests. Moreover, there are indications that under the circumstances an opposite choice would be error. Walton v. Arabian-American Oil Co., 233 F.2d 541, 544 (2d Cir.), cert. denied, 352 U.S. 872, 77 S.Ct. 97, 1 L.Ed.2d 77 (1956). Cf. Wall Street Traders, Inc. v. Sociedad Espanola de Construction, 236 F.Supp. 358 (S.D.N.Y.1963); Telesphore Couture v. Watkins, 162 F.Supp. 727 (E.D. N.Y.1958). Additionally, during the course of these protracted judicial and diplomatic proceedings, respondent had ample opportunity to present its foreign law contention and the evidence to back it up. It has chosen to hold back from the traditional route of proving the applicable Greek law as a matter of fact.[7] Failure to do so under these circumstances likewise militates against a discretionary exercise of judicial notice.

---

3. See Moseley v. Electronic Missile Facilities, 374 U.S. 167, 83 S.Ct. 1815, 10 L. Ed.2d 818 (1963); American Airlines, Inc. v. Louisville & Jefferson County Air Board, 269 F.2d 811 (6th Cir. 1959); Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959), *cert. granted*, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, *cert. dismissed by stipulation*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). I do not intend by this statement to preclude an arbitrator from considering this issue.

4. The statute requires the court to order arbitration "upon being satisfied that the making of the agreement * * * is not in issue."

5. That the Federal Rules of Civil Procedure apply to proceedings under Title 9, U.S.C., see Fed.R.Civ.P. 81(a) (3).

6. The question of notice to the other party of reliance on foreign law raised by Rule 4511(b) need not be decided.

7. Although there is no motion before me to reopen the proceedings to take testimony on the issue of Greek law, I take this opportunity to indicate that I would not be disposed to granting such a request. Perhaps the arbitrator will consider this point.

Since I will not take judicial notice of Greek law,[8] and there is no evidence in the record on which to base a finding of lack of authority, this contention fails. Accordingly, petitioner's motion is granted. So ordered.

8. A further argument might be based on the recognition that the Arbitration Act is not an independent basis of jurisdiction. Another traditional basis of federal jurisdiction is needed—in this case, maritime. This raises the question whether, in an admiralty case, internal rules of foreign law can be judicially noticed. See Black Diamond S.S. Corp. v. Robert Stewart & Sons, Ltd., 336 U.S. 386, 396, 69 S.Ct. 622, 93 L.Ed. 1760 (1949); Bournias v. Atlantic Maritime Co., 220 F.2d 152, 157 (2d Cir. 1955).