**PAN AMERICAN TANKERS CORPORA-TION, a corporation and Whitehall Navigation Corporation, a corporation, Plaintiffs,**

v.

**The REPUBLIC OF VIETNAM, a sovereign, Nha May Xi-Mang Ha-Tien, d/b/a Hatien Cement Plant, a corporation, and Viet-Nam Xi-Mang Cong-TY, d/b/a Vixico, a corporation, Defendants.**

**No. 68 Civil 3079.**

United States District Court
S. D. New York.

Oct. 11, 1968.

Scoll & Coleman, New York City, for plaintiffs, David E. Scoll, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant The Republic of Vietnam (appearing specially), James M. Estabrook, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

Plaintiffs, owners and operators of three American flag vessels, petition for an order to compel arbitration, presumably under the Federal Arbitration Act, 9 U.S.C. §§ 4, 8 (1964). Defendant The Republic of Vietnam, appearing specially, contests the motion by interposing a plea of sovereign immunity.

Plaintiffs, through agents, on January 27, 1968 entered into a contract of shipment entitled "Fixture Note" with the Director of Commercial Aid, Ministry of Economy of the Republic of Vietnam, Hatien Cement Plant, and Vixico. Article 13 of this contract refers to "GENCON Charter Party and Riders attached" as constituting "Other terms." Rider 31, the "Arbitration Clause," provides that any dispute arising between the owners and charterers shall be referred to arbitration in New York.

Plaintiffs allege that defendants breached the contract by refusing to permit discharge of some of the cement on board plaintiffs' vessels. A complaint in personam with maritime attachment and garnishment was filed on July 29, 1968; and the marshal served the garnishees soon thereafter. Plaintiffs also allege that they notified defendants by sending a copy of the complaint and summons and demand for arbitration to the Embassy of Vietnam in Washington by certified mail and by mailing a copy to the Minister of Economy in Saigon.

Plaintiffs allege that a controversy has arisen within the terms of the agreement; that defendants have failed and refused arbitration; and that plaintiffs have already nominated their arbitrator.

Defendant The Republic of Vietnam has not answered in the admiralty action and has only appeared specially to oppose this motion on the grounds of sovereign immunity. Defendants Hatien Cement Plant and Vixico have not appeared generally or specially. The Republic of Vietnam, in its notice of special appearance, has stated that it will, through its Ambassador, "promptly petition the Department of State for a suggestion to that effect be forwarded to this Honorable Court. [sic]"

Since resolution of the defense of sovereign immunity may be determinative of this motion, the Court addresses itself to that issue immediately.

In their oral argument and in their briefs, the parties have presented con-

flicting views as to the proper procedures to be followed in entering and adjudicating a plea of immunity. In addition to pleading immunity directly to this Court, The Republic of Vietnam states (in its special appearance) that it intends to make a formal representation, through diplomatic channels, to the Department of State in order that a suggestion be forwarded to this Court to the effect that the plea of sovereign immunity be ·accepted. The Republic of Vietnam, in its brief (pp. 9–10) requests this Court to hold the petition to compel arbitration in abeyance, by marking it "Off Calendar," pending receipt from the Secretary of State of a suggestion of immunity. Plaintiffs, on the other hand, submit that this Court should request an instruction on the issue from the Department of State, through the Attorney General and the United States Attorney for the Southern District of New York.

The Court does not regard either of these suggested procedures acceptable. Plaintiffs stress the fact that the issue was raised in the course of a petition to compel arbitration. They argue that distressing circumstances urgently warrant prompt arbitration—creditors and American seamen seeking their wages are pressing their claims; that, as a result, plaintiffs are unable to withstand substantial delay; and that serious harm and injustice will be inflicted by marking the motion off the calendar. Though The Republic of Vietnam has indicated that it will "promptly" petition the Department of State for a suggestion of immunity, this process, plaintiffs argue, will take months to run its course.

■ The petition to compel arbitration should not be held in abeyance pending receipt of a suggestion from the Department of State. The Department will not make the suggestion until it receives appropriate representations through diplomatic channels. Thus, should The Republic of Vietnam's position be adopted, the Court's decision on the motion before it would have to await, for the present at least, the pleasure of one of the respondents to the motion. Moreover, there is no guarantee that the Department of State will make *any* suggestion in this case, but may leave the matter completely to the Court—with the result of nothing accomplished but harmful delay.

■ Nor does the Court accept plaintiffs' invitation for the Court directly to seek the view of the Department of State. It would not be appropriate for the Court to take the initiative in such matters, except when it invites the Government to act as amicus curiae and express its position. The suggestion of the Department of State in these matters is far more than an amicus brief; and (at least when representations have gone through diplomatic channels) such a suggestion would apparently be conclusive upon the courts. See Republic of Mexico v. Hoffman, 324 U.S. 30, 65 S.Ct. 530, 89 L.Ed. 729 (1945); Ex Parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014 (1943); Compania Espanola de Navegacion Maritama, S.A. v. The Navemar, 303 U.S. 68, 58 S.Ct. 432, 82 L.Ed. 667 (1938). The Court, therefore, should not adopt a procedure that may prejudice one side or the other in the presentation of its views.

■■ Having entered its plea of sovereign immunity before this Court, The Republic of Vietnam has submitted the issue to the Court for adjudication. This is a correct method for asserting the defense. In the litigation entitled Petrol Shipping Corp. v. Kingdom of Greece, 326 F.2d 117 (2d Cir.), amended en banc, 332 F.2d 370 (2d Cir. 1964), on remand, 37 F.R.D. 437 (S.D.N.Y.1965), aff'd, 360 F.2d 103 (2d Cir.), cert. denied, 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966), the Kingdom of Greece directly had entered its plea in the district court in opposition to a petition to compel arbitration; and plaintiff there contended that the defense could not be so raised, but must be suggested to the court by the Department of State.

The district court held that the plea was properly raised and granted immunity. The Court of Appeals affirmed at first but, after receiving a brief from the Government as amicus curiae, decided, en banc, to remand to the district court to hold an evidentiary hearing in order to have a record on which to rule on the issue of sovereign immunity. The Government's brief fully supported the position that the defense either could be suggested to the court by the Department of State, upon representations made by the Ambassador, or, the defense could be raised in the first instance in the district court directly by the sovereign. The brief did suggest, however, that there might be different results flowing from the procedure employed by the sovereign. The various courts and the Government were in agreement that the defense could be interposed directly in court; and it appears that it then becomes obligatory on the district court to decide the issue upon a full, evidentiary record.

█ The fact that The Republic of Vietnam is not content with simply presenting the issue to the Court but chooses, in addition, to proceed through diplomatic channels, does not justify a different procedure. The Republic of Vietnam has chosen to submit this issue directly to the Court; and the circumstances of this case and of plaintiffs' exigent situation demand that the Court embark immediately upon its duties. The Court's conclusion in this respect does not preclude The Republic of Vietnam, if so advised, from pursuing its originally intended course of action. The effect of any suggestion presented to the Court, as a result of such efforts, will be determined at the time any such suggestion shall have been received.

█ In Petrol Shipping Corp. v. Kingdom of Greece, 360 F.2d 103 (2d Cir.), cert. denied, 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966), the Court of Appeals indicated that questions of jurisdiction should be resolved before the issue of immunity is reached. This is so because, technically speaking, sovereign immunity is not a jurisdictional defect but rather a substantive defense like incapacity or incompetency. However, The Republic of Vietnam, in its special appearance, has not raised the question of lack of personal jurisdiction, though there are some inferences that such a position might be taken in the maritime attachment action. Thus, for purposes of disposition of this issue, personal jurisdiction is assumed.

█ A close study of the proceedings in *Petrol Shipping*, supra, and in Victory Transport, Inc. v. Comisaria General de Abastecimientos y Transportes, 232 F.Supp. 294 (S.D.N.Y.1963), aff'd, 336 F.2d 354 (2d Cir. 1964), cert. denied, 381 U.S. 934, 85 S.Ct. 1763, 14 L.Ed.2d 698 (1965), both litigations being strikingly similar to the instant case, points to the conclusion that it would be imprudent, if not improper, to decide the issue of sovereign immunity on the basis of the present meager record. There is nothing before this Court to indicate that the plea was entered at the direction of one who had authority to act for The Republic of Vietnam in this respect. Cf. Victory Transport, Inc., supra, 336 F.2d at 358 n. 7.

Plaintiffs have alleged, on information and belief, that the two corporate defendants are creatures of The Republic of Vietnam. The record is devoid of any factual matter probative of the truth or falsity of such allegations. The language of the complaint and petition does not place the Court in a position to determine whether the putative contract is commercial or governmental in nature. Nor are other facts relevant to the question of immunity adequately presented or interpreted by the parties.

█ Since The Republic of Vietnam has asserted this plea, which is in the nature of a defense, it would appear to have the burden of proving its privilege of immunity. It is hereby ordered that the defendant The Republic of Vietnam submit such affidavits and other proofs

as it may deem supportive of its plea of sovereign immunity, within twenty (20) days after the date of the filing of this opinion. Plaintiffs may serve and file answering papers within ten (10) days after receiving said defendant's submission.

Because the Court must have a full "development of the *facts*" in order to dispose of the legal issues, see Petrol Shipping Corp. v. Kingdom of Greece, 332 F.2d 370 (2d Cir. 1964), cert. denied, 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1965) (emphasis added), the papers to be submitted by the parties should be based on specific facts and events succinctly stated and not accompanied by generalized conclusions. Cf. Fed.R.Civ.P. 56(e). Should The Republic of Vietnam succeed in establishing at least a *prima facie case* to sustain its plea, the Court may order an evidentiary hearing to further develop the record, on the motion of either party, unless the essential facts are clearly set forth and not disputed.

The Court reserves decision on the motion to compel arbitration pending determination of the plea of sovereign immunity.

So ordered.